## Ricciardi Estate

*Francis S. Goglia* and *Philip Richman,* for accountant.

*Harry S. Abrams* and *Raymond J. Porreca,* for specific devisees.

BOLGER, J., July 1, 1954.—The next objection related to the family exemption of $750 claimed by the accountant. The objection is based upon the fact that the accountant was not a member of decedent's household and was not dependent upon her. The accountant testified that his mother had owned premises 906 Ellsworth Street and that he had lived with her from the date of his father's death in 1928 until her death. During a portion of that time claimant was married, but was divorced for several years prior to his mother's death. Claimant testified that he assisted his mother in collecting rents but that she was in complete control of the household, did the cooking and cleaning. He stated that he never contributed to her support and never paid board. A deed dated February 11, 1948, and recorded May 9, 1950, conveyed title to the property from decedent to claimant. There was no explanation of the lapse of time between the date of the deed and the date of recording nor was it shown when the deed was actually delivered to the son. Claimant testified that at no time was there any change in the relationship between him and his mother so that until her death she continued to be head of the household.

The auditing judge did not find the testimony of this witness to be credible. Although he acknowledged that he collected rents for his mother, he had no idea of the amount collected. He stated that his business was that of an insurance broker and that he maintained a filing cabinet in the house, but transacted all of his business "on the outside". He said initially that all of the furniture in the house belonged to his mother and when reminded that he failed to declare any furniture on the inventory, he shifted his ground and said that all of

the furniture belonged to him excepting the porcelain table and two kitchen chairs. The claim to the exemption is predicated on the fact that decedent, until the time of her death, was head of the household. It is an established fact that either in 1948 or certainly in 1950, title to the property changed. It was no longer decedent's household except by the suffrance of claimant.

Section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, means what it says in allowing the exemption to ". . . such children as form part of decedent's household". This cannot mean such children in whose household decedent resided: Rossi Estate, 69 D. & C. 190.

The objection that the son is not entitled to the exemption because he failed to show dependence is without merit: Gravatt's Estate, 50 D. & C. 679; Calhoun's Estate, 72 D. & C. 443. . . .

The claim for exemption is disallowed.